UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, and THE CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK,

Petitioners,

v.

CM ASHLAND CONSTRUCTION CORP.,

Respondents.

25 Civ. 3388 (DEH)

**MEMORANDUM OPINION AND ORDER**

DALE E. HO, United States District Judge:

Before the Court is an unopposed Petition to Confirm Arbitration filed by Petitioners, Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, and the Carpenter Contractor Alliance of Metropolitan New York (the "Funds" or "Petitioners") against Respondent CM Ashland Construction Corp. Treating the Petition as unopposed, the Court concludes that there was no error in the underlying arbitration. Therefore, the Petition is **GRANTED**, and Petitioner is awarded fees and costs as described herein.

## BACKGROUND

Respondent is a New York business entity. Pet. ¶ 7. On or around February 11, 2020, Respondent executed an Independent Heavy Construction Dockbuilding Marine and Foundation

Agreement with the Union covering the period July 1, 2011 through May 31, 2017 (the "2011-2017 CBA"). *See* Pet. Exs. A-B. On or around July 1, 2017, the General Contractors Association and the Union entered into a new agreement covering the period July 1, 2017 through May 31, 2021, which was subsequently modified and extended through May 31, 2027 (the "CBA"). *Id.* Ex. D. The CBA required the Respondent, as a signatory employer, to remit contributions to the Funds for every hour worked by its employees within the trade and geographical jurisdiction of the Union. Pet. ¶ 11; Pet. Ex. D, Art. XII, § 1. The CBA also required Respondent to make its books and payroll records available to the Funds upon request for purposes of auditing its compliance with benefit fund contribution obligations. Pet. ¶ 12; Pet. Ex. D, Art. XII, § 10. Additionally, the CBA bound Respondent to the documents, policies, and regulations, adopted by the Funds' Trustees, including the Funds' Trust Agreements and the Revised Statement of Policy for Collection of Employer Contributions (the "Collection Policy"). *See* Pet. ¶ 13; Pet. Exs. E-H.

The Collection Policy authorizes the Funds' outside accounting firms to periodically audit the books and records of all signatory employers. Pet. ¶¶ 16-17; Pet. Ex. G, § IV(1). If an employer refuses to permit an audit or denies auditors access to pertinent records, the Collection Policy empowers the Fund Office to calculate an estimated deficiency based on the assumption that the employer's weekly hours subject to contributions were equal to the highest average weekly hours reported during any four consecutive weeks in the audit period. Pet. ¶ 18. Such a determination constitutes "presumptive evidence of delinquency." *Id.*; Pet. Ex. I, § IV (12). The Collection Policy also provides for the arbitration of contribution disputes before a designated panel of arbitrators. Pet. ¶ 19; Ex. D, Art. XII, § 9(f); Ex. I, §§ IV (11), V (4)-(6).

Pursuant to the CBA, the Funds conducted a payroll audit covering the period from December 27, 2021 through the date of the audit, December 24, 2023, revealing a shortfall of $46,426.23. *See* Pet. ¶ 21. Respondent refused to pay the audit findings. Pet. ¶ 22. Pursuant to

the CBA and Collection Policy, the Funds initiated arbitration before Arbitrator Daniel Engelstein, who mailed a Notice of Hearing to Respondent. Pet. ¶ 23; Pet. Ex. K. On January 8, 2025, Arbitrator Engelstein held a hearing and, on January 9, 2025, issued a written opinion and award (the "Award") in favor of the Funds. *See* Pet. ¶ 24; Ex. L. The arbitrator found that Respondent violated the 2017-2027 CBA when it previously failed to permit the Funds to audit Respondent's books and records, and found that Respondent further owed the subsequent Audit performed, ordered Respondent to pay the Funds the sum of $101,235.32, consisting of: (1) the principal Audit deficiency of $46,426.23; (2) interest of $7,837.73; (3) liquidated damages of $9,677.67; (4) promotional fund of $188.42; (5) non-Audit late payment interest of $19,586; (6) auditor's fees of $9,756; (7) attorneys' fees of $5,762.94; and (8) arbitrator's fee of $2,000. *See* Ex. L. The Award further ordered interest to accrue on the Award total at the annual rate of 9.5% from the date of the Award. Pet. ¶ 26; Pet. Ex. L.

On January 15, 2025, Petitioners served Respondent with the Award and a demand for payment via certified mail and electronic mail. Pet. ¶ 27; Ex. M. Respondent has not paid any portion of the Award. Pet. ¶ 28. The Award has not been vacated, modified, or corrected, and no application for such relief is pending. Pet. ¶ 29.

Petitioners now ask the Court to confirm the arbitration award and have judgment entered in the amount of $101,235.32, plus pre-judgement interest at the rate of 9.5% per year and post-judgement interest at the statutory rate. Pet. ¶ 40. Additionally, Petitioners seek to be awarded $1,450 in attorney's fees and $527.60 in costs arising out of this Petition. Pet. ¶¶ 38-39.

## LEGAL STANDARD

Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, "provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, &*

*Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Hera Sports Surfaces LLC*, No. 23 Civ. 10800, 2025 WL 1326998, at *2 (S.D.N.Y. May 7, 2025).[1] The scope of a court's review of a final arbitration award under the LMRA is "severely limited so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *United Bhd. of Carpenters & Joiners of Am. v. Tappan Zee Constructors, LLC*, 804 F.3d 270, 274-75 (2d Cir. 2015). There is a strong federal policy in favor of enforcing arbitration awards in labor disputes, and judicial review of arbitration awards in labor contexts is "among the most deferential in the law." *Trs. of New York City Dist. Council of Carpenters Pension Fund v. Megrant Corp.,* No. 21 Civ. 1336, 2026 WL 252510, at *3 (S.D.N.Y. Jan. 30, 2026). An arbitration award in a labor dispute is enforceable as long as it "draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." *Hera Sports Surfaces LLC*, 2025 WL 1326998, at *2. A reviewing court must confirm an arbitration award as long as the arbitrator "is even arguably construing or applying the contract and acting within the scope of his authority," barring circumstances such as fraud or where the arbitration decision violates public policy. *Id.* In other words, an award must be confirmed if there is even a "barely colorable justification" for the outcome. *Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Rici Corp.*, No. 25 Civ. 7769, 2026 WL 1536853, at *2 (S.D.N.Y. June 1, 2026).

As is the case here, when a petition to confirm an arbitration award is unanswered, district courts generally treat petitions as unopposed motions for summary judgement. *See Hera Sports*

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

*Surfaces LLC*, 2025 WL 1326998, at *2; *see Rici Corp.* 2026 WL 1536853, at *2. Confirmation is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court," and that court "must grant the award unless [it] is vacated, modified, or corrected." *See Rici Corp.* 2026 WL 1536853, at *2 (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006)). While default judgments in confirmation or vacatur proceedings are "generally inappropriate," "the showing required to avoid confirmation is very high." *D.H. Blair*, 462 F.3d. at 109-10.

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Goenaga v. Mar. of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (citing *Celotex*, 477 U.S. at 322-23).

## DISCUSSION

In addition to confirmation of the arbitration award, Petitioners seek pre- and post-judgment interest, attorney's fees, and costs. As explained herein, the Court concludes that Petitioners are entitled to all of the above relief.

### I. Confirmation of the Arbitration Award

Applying the deferential standard set forth above, the Court concludes that the Award should be confirmed. The record establishes that the Respondent was bound by the CBA and the

incorporated Trust Agreements and the Revised Statement of Policy for Collection of Employer Contributions, which provided for the arbitration of disputes between parties. Pet. ¶¶ 11-19. The dispute submitted to arbitration fell clearly within the scope of the documents: when Respondent refused to pay the deficiency, Petitioners demanded arbitration, exactly as the CBA and Collection Policy outline. Pet. ¶¶ 18-25. The arbitrator, in turn, grounded the Award in the express terms of those agreements. He determined that Respondent had violated the CBA by failing to submit to the audit, applied the Collection Policy's estimated-audit methodology to fix the principal deficiency at $46,426.23, and calculated the remaining components of the Award—interest, liquidated damages, attorney's fees, and arbitration costs—in accordance with the formula set forth in the governing documents. Pet. ¶¶ 21-24; Ex. L.

Because Respondent has not appeared, the Court treats the Petition as an unopposed motion for summary judgment and asks only whether the undisputed facts entitle Petitioners to judgment as a matter of law. *Hera Sports Surfaces LLC*, 2025 WL 1326998, at *2; *see Rici Corp.* 2026 WL 1536853, at *2. Based on these facts, the Court can identify no basis to disturb the Award, much less the "very high" showing required to avoid confirmation. *D.H. Blair*, 462 F.3d. at 110. For example, there is no reason to question the validity of the Award, as it has not been vacated, modified, or corrected, and no application for such relief is pending. Pet. ¶ 29. Nor is there evidence that the arbitrator was acting outside the scope of his authority. *See Hera Sports Surfaces LLC*, 2025 WL 1326998, at *2. Nothing in the substance of the Award suggests that the arbitrator dispensed "his own brand of industrial justice" rather than enforcing the parties' agreement. *Id.* To the contrary, the Award rests on the undisputed evidence presented at the arbitration hearing and is grounded in the CBA and Collection Policy. There is, accordingly, far more than the "barely colorable justification" required to sustain it. *Rici Corp.*, 2026 WL 1536853, at *2.

The Petition is therefore granted, and the Award is confirmed in all respects.

## II. Attorney's Fees and Costs

Petitioners also seek the attorney's fees and costs incurred in bringing this proceeding. Although the LMRA does not itself authorize a fee award, courts in this district "have routinely awarded attorney's fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it." *Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. All. Workroom Corp.*, No. 13 Civ. 5096, 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013). That principle applies here. Respondent neither complied with the Award nor moved to vacate it and has offered no justification for its refusal to pay. *See* Pet. ¶¶ 28-29. An award of fees and costs is therefore warranted. *See Megrant Corp.,* 2026 WL 252510, at *6-7 (awarding attorney's fees and costs where a party merely refused to abide by an arbitrator's award without challenging or seeking to vacate it).

The Court further finds the requested amounts reasonable. Reasonable attorney's fees are calculated using the lodestar method, which multiplies the hours reasonably expended by a reasonable hourly rate. *See McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006). Petitioners' counsel spent 4.3 hours on this matter at rates ranging from $163 to $430 per hour, yielding a total of $1,450. *See* Pet. ¶ 33-38. These hours are modest and appropriate for an uncontested petition of this kind, and the rates are consistent with those regularly approved in this district for comparable work. *See, e.g., Rici Corp.* 2026 WL 1536853, at *3 (awarding $1,235 in attorney's fees for 3.8 hours of work at a rate of $325 per hour); *Hera Sports Surfaces LLC*, 2025 WL 1326998, at *3 (awarding $1,829 in attorney's fees for 5.9 hours of work at a rate of $310 per hour). The Court likewise grants Petitioners' request for $527.60 in costs, as service and filing fees are routinely recoverable in

these proceedings. *See New York City & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc.*, No. 16 Civ. 1115, 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016).

### III. Pre- and Post-Judgment Interest

Finally, Petitioners are entitled to interest. Consistent with the Award and the rate fixed in the Collection Policy, pre-judgment interest shall accrue on the Award at 9.50% per annum from the date of the Award through the date judgment is entered. Pet. ¶ 26; Ex. L. Petitioners are also entitled to post-judgment interest, which is mandatory and accrues at the statutory rate from the date of judgment until the Award is paid in full. 28 U.S.C. § 1961(a); *Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining Educ. & Indus. Fund v. Furniture Bus. Sols., LLC*, No. 20 Civ. 2867, 2020 WL 6525466, at *3 (S.D.N.Y. Nov. 5, 2020) (awarding identical post-judgment interest).

## CONCLUSION

For the foregoing reasons, the Petition is **GRANTED** and Petitioner is awarded judgment in the amount of $101.235.32; pre-judgment interest on that amount at the rate of 9.50% per annum from January 9, 2025 through the date of judgment; $1450 in attorney's fees and $527.60 in costs incurred; and post-judgment interest at the statutory rate pursuant to 28 U.S.C. § 1961(a), accruing from the date of judgment until the Award is paid in full.

The Clerk of Court is respectfully directed enter judgment in favor of Petitioner and to close this case.

SO ORDERED.

Dated: July 9, 2026
New York, New York

DALE E. HO
United States District Judge